IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

*vs*.                        CRIMINAL ACTION NO. 1:05CR43

TONY BRAHAM, a/k/a "Tick" a/k/a
"Philly,"

        Defendant.

## REPORT AND RECOMMENDATION/OPINION

On the 18th day of May 2007, came the Defendant, Tony Braham, in person and by his counsel, John J. Pizzuti, and also came the United States by its Assistant United States Attorney, Shawn A. Morgan, for hearing on Defendant's Motion to Suppress (Docket Entry 339). The matter was heard on the motion, the government's response to said motions, the testimony of Sgt. Brian Purkey, and the arguments of counsel.

Defendant moves the Court "to enter an order suppressing all evidence intended to be used by the government at trial against Defendant wherein the police sent an informant into the home/residence of the Defendant under the auspices of the one-party consent to electronic surveillance without first obtaining a duly authorized court order."

Defendant contends that on more than one occasion, state-employed drug force task officers used a confidential informant to make purchases of illegal drugs at the "home/residence of the Defendant." Defendant argues that, under State v. Mullens, - - - S.E.2d - - - (W. Va. 2007), the officers were required to obtain a warrant before the informant entered the home wearing a recording device to record matter that went on inside the home.

The United States argues that no warrant was necessary, because, under U.S. v. Clyburn, 24

F.3d 613 (4th Cir. 1994), "the Fourth Amendment, not federal rules or state law, governs the admissibility of evidence obtained by state officers but ultimately used in a federal prosecution."

The Court heard the testimony of Bridgeport City Police Sgt. Brian Purkey. Sgt. Purkey testified that he is employed by the City of Bridgeport, and is assigned as commander of the Harrison/Lewis County Drug and Violent Crimes Task Force. Although he was deputized as a federal officer from 1995-1999, he was not deputized as a federal agent at the time of the investigation of Defendant. He testified he is paid by the City of Bridgeport.

Sgt. Purkey testified that two controlled buys were made from Defendant. The first controlled buy occurred on April 14, 2004, at Curtis Ball's residence at 419 Harrison Street.[1] In that instance, a confidential informant was used to make the controlled buy. The confidential informant was wired for monitoring and video/audio recording when [s]he went into the residence. The second controlled buy took place on May 19, 2004, and no recording was made because the equipment had malfunctioned.

Sgt. Purkey testified that although he is not a federal agent, this was a federal investigation. He opened the investigation through Assistant United States Attorney Shawn Morgan, through the U.S. Attorney's office, prior to the controlled buys at issue. The federal investigation was started on April 7, 2004. After a controlled purchase of drugs was made from Defendant's co-defendant, Curtis Ball, Sgt. Purkey went to the AUSA's office and gave her the information to open a case within her office.

Defendant concedes that the evidence is admissible pursuant to the Fourth Amendment of

---

[1] Neither party offered any evidence regarding whether Braham was a resident of the home. Sgt. Purkey testified he believed Braham was a guest. The undersigned does not address the issue, finding it unnecessary to a decision in this matter.

the United States Constitution. See U.S. v. White, 401 U.S. 745, 91 S. Ct. 1122, 28 L.Ed.2d 453 (1971). See also State v. Mullens, supra, which quotes White as follows:

> No warrant to "search and seize" is required . . . when the government sends to defendant's home a secret agent who conceals his identity and makes a purchase of narcotics from the accused, or when the same agent, unbeknown to the defendant, carries electronic equipment to record the defendant's words and the evidence so gathered is later offered in evidence.

The West Virginia Supreme Court of Appeals continued:

> The decision in *White* stands for the proposition that a person does not have an expectation of privacy regarding conversations held in his/her home with a third party. Without such an expectation of privacy, under *White* the Fourth Amendment does not require the police to obtain judicial authorization to send an informant wearing an electronic surveillance device into the home of another person.

Mullens, supra.

The West Virginia Supreme Court of Appeals then held, however, that the West Virginia Constitution prohibits the police from sending an informant into the home of another person under the auspices of the one-party consent to electronic surveillance provision of W. Va. Code § 62-1D-3(b)(2) where the police have not obtained prior authorization to do so pursuant to W. Va. Code § 62-1D-11.

Even if the acts of the police in this matter did violate Defendant's rights under the West Virginia Constitution, it does not necessarily follow that the evidence obtained thereby is inadmissible in federal court. In U.S. v. Clyburn, 24 F.3d 613 (4th Cir. 1994), the Fourth Circuit Court of Appeals held that "the Fourth Amendment provides the only proper standard for determining whether evidence seized by state officials pursuant to a state warrant is admissible in federal court." Id. at 616-617. Defendant argues that Clyburn is distinguishable because it involved a search warrant – not the use of electronic surveillance. The undersigned disagrees. First, the

3

Fourth Circuit in Clyburn expressly stated: "[T]he Fourth Amendment, not federal rules or state law, governs the admissibility of evidence obtained by state officers but ultimately used in a federal prosecution."  Id. at 161.  The Court did not distinguish between different types of evidence. Instead, the Court stated:

> Clyburn's reliance on state constitutional requirements is also misplaced.  Although this circuit has not previously addressed the issue, the general rule in other circuits is that "evidence admissible under federal law cannot be excluded because it would be inadmissible under state law."  *United States v. Pforzheimer*, 826 F.2d 200, 204 (2nd Cir. 1987)(noting that seven circuits have held that federal, not state, law controls the admissibility of evidence in federal court).  The federal inquiry has not turned on whether a state officer violated state law in securing probative evidence. *See United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1994); *United States v. Mota*, 982 F.2d 1384, 1387 (9th Cir. 1993); *United States v. Singer*, 943 F.2d 758, 761 (7th Cir. 1991).  Rather, the proper standard for evaluating illegal search and seizure claims in federal courts has uniformly been "whether the actions of the state officials in securing the evidence violated the Fourth Amendment to the United States Constitution."  *United States v. Eastland*, 989 F.2d 760, 766 (5th Cir. 1993)(quoting *United States v. Walker*, 960 F.2d 409, 415 (5th Cir. 10992)); *see also Wright*, 16 F.3d at 1437; *United States v. Mitchell*, 783 F.2d 971, 973-74 (10th Cir. 1986).

Id.

The Fourth Circuit found persuasive the position taken by other circuit courts.  The Court noted that, as in the case at bar, Clyburn involved "federal criminal charges brought by federal prosecutors, heard by a federal judge and tried in a federal court."  Id.  The Court then explained:

> Importing the particularized requirements of state standards into this federal proceeding would "undermine the policy favoring uniformity of federal evidentiary standards," *United States v. Chavez-Vernaza*, 844 F.2d 1368, 1374 (9th Cir. 1987), and would make the "results of federal prosecutions . . . depend on the fortuity of the defendant's being arrested in one state or another."  *Wright*, 16 F.3d at 1437. Moreover, states simply lack the power to impose on federal courts requirements stricter than those mandated by the federal Constitution, thereby "hamper[ing] the enforcement of valid federal laws by rendering relevant and reliable evidence unavailable."  *Chavez-Vernaza*, 844 F.2d at 1374; *see also United States v. Combs*, 672 F.2d 574, 578 (6th Cir. 1982).  The importance of applying only federal standards is especially pronounced in cases involving illegal search and seizure claims because

4

the exclusionary rule for such claims was created to deter violation of federal constitutional law, not violations of state law. *See Wright*, 16 F.3d at 1437; *Eastland*, 989 F.2d at 765. Finally, any contention that state officials may use a federal prosecution to evade the requirements of state law neglects the fact that the conduct of state officials remains subject to the safeguards of the Fourth Amendment – safeguards that are enforced through both the exclusionary rule and the prospect of a civil action for the deprivation of constitutional rights under 42 U.S.C. § 1983.

Interestingly, the West Virginia Supreme Court of Appeals cited with particularity the Florida case, State v. Sarmiento, 397 So.2d 643 (Fla. 1981) and the Massachusetts case Commonwealth v. Blood, 507 N.E.2d 1029 (Mass. 1987), finding them "particularly instructive." In each case the state court had found that the search and seizure provisions of its state constitution prohibited an informant from using an electronic surveillance device in a suspect's home without judicial authorization. The United States Court of Appeals for Florida noted in U.S. v. Davanzo, 699 F.2d 1097 (C.A. Fla, 1983), however, that "*State v. Sarmiento*, 397 So.2d 643 (Fla. 1981) is not controlling because appellants were convicted under federal law and not state law. That a state may provide greater rights under state law does not affect their rights under federal law . . . ." The United States Court of Appeals for the First Circuit addressed the same issue in United States v. Sutherland, 929 F.2d 765 (1st Cir. 1991). In that case, the appellants contended that tape recordings should have been suppressed in a federal prosecution in federal court "because they were obtained by state law enforcement personnel in violation of Massachusetts law." The court first cited Blood, noting that "[t]he Massachusetts Supreme Judicial Court has held that, although not a violation of the federal constitution, warrantless surveillance violates the right to privacy protected by the Massachusetts Declaration of Rights . . . ." The court then stated, however: "We begin with the proposition that federal law governs federal prosecutions in federal court." The court then held that "in federal criminal prosecutions, the admissibility of wiretap evidence is a question of federal law[,]" and held

5

that the evidence was therefore admissible in the federal case. Id. at 771.

Pursuant to Clyburn, and as addressed in Davanzo and Sutherland, the evidence Defendant seeks to suppress here, even if obtained in violation of state constitutional law, does not violate Defendant's Fourth Amendment rights, and is admissible under federal law. The undersigned United States Magistrate Judge therefore respectfully **RECOMMENDS** Defendant Tony Braham's Motion to Suppress (Docket Entry 339) be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 22nd day of May, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

6