IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

*vs*.                                             CRIMINAL ACTION NO. 1:05CR43

TONY BRAHAM, a/k/a "Tick" a/k/a
"Philly,"
        Defendant.

## REPORT AND RECOMMENDATION/OPINION

On the 18th day of May 2007, came the Defendant, Tony Braham, in person and by his counsel, John J. Pizzuti, and also came the United States by its Assistant United States Attorney, Shawn A. Morgan, for hearing on Defendant's Motion to Dismiss Indictment for Lack of Speedy Trial (Docket Entry 338). The matter was then heard on the motion, the government's responses to said motion, and the arguments of counsel.

**History of the Case**

Defendant was indicted in an Eight-Person Indictment by a Grand Jury attending the Northern District of West Virginia on May 3, 2005. Also indicted were co-defendants Curtis Lee Ball, Robert Nelson, James Allevato, Michael Reis, Rebecca Powell, Jerome Vining, and William Barnes. Defendant Braham was arrested and was released on conditions pursuant to an Order Setting Conditions of Release on May 5, 2005. He had an Initial Appearance along with Ball, Nelson, Allevato, Powell, and Vining on May 6, 2005. Braham was arraigned on May 9, 2007, and attorney Thomas W. Kupec was appointed as counsel.

On June 23, 2005, Braham filed a Motion to Terminate Bond and Be Held Pending Trial. That same day, Braham admitted he had used crack cocaine. During his testimony, Braham stated that he had asked for his bond to be revoked because he had started "getting high" again. The Court entered an Order Granting Braham's Motion to Terminate Bond and Be Held Pending Trial, and

ordered him to self report to the Deputy Marshal's office that day, which he did.

Co-Defendant Michael Reis was a fugitive who was finally arrested on January 27, 2006, in St. Augustine Florida. The Government's Motion to Detain was denied by that Court, and Defendant was ordered to appear before this Court on March 2, 2006. Reis did appear in this district on that date for an Initial Appearance. That same date Braham's co-defendant Powell filed a Motion to Determine Competency.

Powell's Motion was heard on March 13, 2006. The Court granted Powell's Motion for Psychiatric Examination . On April 14, 2006, the Court received a written request from the Warden of the Metropolitan Correctional Center, to which Powell had been designated for psychiatric examination, for a 15-day extension to complete the examination. Same was granted by the Court. A competency hearing was set for June 12, 2006, after which Powell was found competent to stand trial.

On June 14, 2006, the Court issued a Second Amended Scheduling Order setting trial in this matter for August 14, 2006. On July 24, 2006, the United States moved the court to continue the trial because both case agents had prepaid vacations outside the United States and were unavailable for the August 14, 2006, trial. As the Government noted in its Motion to Continue, no defendant, including Braham, had during the pendency of the case, filed a Motion for Speedy Trial or Motion to Sever. The Court granted the Motion to Continue Trial, and rescheduled the trial for August 29, 2006.

On August 22, 2006, Thomas Kupec, Braham's counsel, moved for a continuance due to his own illness. Counsel represented to the Court that he had been unable to meet with Defendant due to his illness, and was not ready to proceed to trial as scheduled August 29, 2006. The Court held

2

a hearing on the motion, and subsequently granted the motion to continue, scheduling the trial for October 10, 2006.

With regard to the speedy trial time, the Court found as follows:

> 1) Pursuant to 18 U.S.C. § 3161(c)(1), the trial of a defendant who pleads not guilty to an indictment or information must commence within seventy (70) days of the filing of that indictment or information, or the defendant's initial appearance before a judicial officer of the court in which the charge is pending, whichever last occurs. However, subsection (h) of 18 U.S.C. § 3161 lists several excludable periods of delay in calculating speedy trial time;
>
> 2) On August 4, 2006, the Court conducted a Final Pretrial Conference in this case during which it ruled that, pursuant to the various provisions of 18 U.S.C. § 3161(h), only four (4) days of speedy trial time had elapsed, and that sixty-six (66) unexcluded days remained. Thus, as of August 4, 2006, the speedy trial clock for the defendant was scheduled to run on October 9, 2006;
>
> 3) The pendency of Mr. Kupec's subsequent motion to continue altered that calculation, and, pursuant to 18 U.S.C. § 3161(h)(1)(F), the two (2) day delay resulting from the Court's consideration of that motion is excludable from the defendant's speedy trial time.[1] Absent any further exclusions, therefore, the speedy trial time in this case will run on Wednesday, October 11, 2006;
>
> 4) Thus, the continuance of the trial date to Tuesday October 10, 2006, does not violate the provisions of 18 U.S.C. § 3161; and
>
> 5) Given the grounds presented by Mr. Kupec at the August 23, 2006 hearing, the interests of justice would weigh in favor of a short continuance over the best interests of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(8)(A), if another court later determined that that statutory provision were implicated in this case as a result of the Court's ruling on Mr. Kupec's motion.

On September 19, 2006, the United States moved the Court for a continuance of the October 10, 2006 trial date, on the grounds that two of its witnesses, forensic chemists from the West

---

[1] Defense counsel filed his motion to continue on August 22, 2006, and the Court granted that motion on August 23, 2006, thereby giving rise to two (2) days of excludable time under 18 U.S.C. § 3161(h)(1)(F).

Virginia State Police Laboratory, had prepaid non-refundable registrations to attend a mandatory continuing education seminar outside the State during the week of October 9, 2006. The Court granted the government's motion, and rescheduled the trial for December 11, 2006. The Court expressly found that Braham's speedy trial time would run on October 11, 2006, but found that the time between September 29, 2006, and December 11, 2006, was excludable from the computation of the speedy trial time pursuant to 18 U.S.C. §3161(h)(8)(A). To this point there no Motions for Speedy Trial or Motions to Sever filed by any party.

On November 27, 2006, Defendant Braham himself wrote a letter to the Honorable Judge Irene M. Keeley, requesting his counsel, Thomas Kupec, be dismissed from his case due to ineffective assistance, conflict of interest, and negligence. In this letter, Braham also stated to the Court that he had asked Mr. Kupec to file Speedy Trial Motions and/or Motions to Sever on several occasions but Mr. Kupec had not done so.

Braham also asked the Court to allow his "new lawyer" to file some motions before the next trial date. He advised that he believed his speedy trial date was October 16, 2006, and that the scheduled trial date of December 11, 2006, was 60 days beyond the limit. He then advised that his "new lawyer" would be filing for dismissal due to the violation of his right to a speedy trial.

On November 28, 2006, the Court rescheduled the December 11, 2006, trial to December 12, 2006. The Court made express findings regarding the Speedy Trial time in this matter, as follows:

> As outlined below, this trial date falls within the "speedy trial" time applicable to this case.
>
> Pursuant to 18 U.S.C. § 3161(c)(1), the trial of a defendant who pleads not guilty to an indictment or information must commence within seventy (70) days of the filing of that indictment or information, or the defendant's initial appearance before a

4

judicial officer of the court in which the charge is pending, whichever last occurs. However, subsection (h) of 18 U.S.C. § 3161 lists several excludable periods of delay in calculating speedy trial time.

In its August 30, 2006 Order, the Court calculated the speedy trial time for this case pursuant to 18 U.S.C. §3161 and concluded that, absent further exclusions, it would run on October 11, 2006. (See, Doc. No. 288.) Subsequently, however, on September 19, 2006, the government moved to continue the scheduled trial date. (Doc. No. 292). Thus, with twenty-three (23) days of speedy trial time remaining and pursuant to 18 U.S.C. § 3161(h)(1)(F), the speedy trial clock was stopped by the pendency of the government's motion. On September 29, 2006, the Court granted the government's motion to continue and, in doing so, found that the time between September 29, 2006 and December 11, 2006 was excluded from the computation of the applicable speedy trial time pursuant to 18 U.S.C. §3161(h)(8)(A). Accordingly, as of December 11, 2006, twenty-three (23) days of unexcluded speedy trial time will remain in this case.

On December 5, 2006, attorney Thomas Kupec moved for his withdrawal as Braham's counsel. The Court held a hearing on the matter on December 8, 2006. The Court found during this hearing, that the speedy trial time had not expired. The Court subsequently granted the Motion to Substitute Attorney. The Court appointed attorney Jon Pizzuti, and continued the trial until May 21, 2007.

In a subsequent written order the Court again made express speedy trial findings:

Pursuant to 18 U.S.C. §3161(h)(8)(A), the Court found that the interests of justice served by a continuance outweighed the interests of the defendant and the public to a speedy trial. In doing so, the Court considered several factors outlined in 18 U.S.C. §3161(h)(8)(B) and found them to apply. First, between Braham's codefendants and the government's prospective witnesses, many of the attorneys usually available for appointment are conflicted out of this case. A continuance is necessary to give the Court time to secure new counsel for Braham that is available and free from conflict. §3161(h)(8)(B)(iv). Second, given the lack of trust and effective communication between Braham and Kupec, a significant continuance is necessary to insure that Braham is not unreasonably denied continuity of counsel. Id. Third, during the December 8, 2006 hearing, the government advised that it continues to investigate and supplement its discovery in this case. Given, the advanced procedural posture of the case, the significant amount of existing discovery, and the continued investigation of the government, a significant continuance is necessary to give Braham's newly appointed counsel reasonable time to effectively prepare for trial,

5

taking into account the exercise of due diligence. Id.

Thus, pursuant to 18 U.S.C. §3161(h)(8)(A), the Court found the period between December 8, 2006, and May 21, 2007, to be excluded from the speedy trial time in this case.

From the above review of the history of the case, it appears to the undersigned United States Magistrate Judge that, until Braham's letter to the Court dated November 27, 2006, no party had raised the Speedy Trial issue, and no party had requested a severance.

**The Law**

Title 18, United States Code, §3161(c)(1) provides as follows:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in [] an indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the [] indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs . . . .

There are certain delays that are excludable from the seventy days, pursuant to 18 U.S.C. §3161(h), which provides:

The following periods of delay shall be excluded . . . in computing the time within which the trial for any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to - -

    (A) delay resulting from any proceeding, including any examination, to determine the mental competency or physical capacity of the defendant;

    (B) delay resulting from any proceeding, including any examination of the defendant, pursuant to section 2902 of title 28, United States Code;

    (C) delay resulting from deferral of prosecution pursuant to section 2902 of title 28, United States Code;

    (D) delay resulting from trial with respect to other charges against the

defendant;

(E) delay resulting from any interlocutory appeal;

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

(G) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

(H) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

(I) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the government; and

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court . . . .

(3)(A) any period of delay resulting from the absence or unavailability of the defendant or an essential witness . . . .

(4) Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.

(5) Any period of delay resulting from the treatment of the defendant pursuant to section 2902 of title 28, United States Code . . . .

(7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time trial has not run and no motion for severance has been granted.

(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best

> interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

**Findings**

Upon review of the docket and history of this matter, the undersigned United States Magistrate Judge finds not only that the Court did <u>not</u> grant any motion to sever in this case, but that neither Braham nor any other party <u>filed</u> any motion to sever or any motion for speedy trial until November 2006. The undersigned further finds that Braham does not argue that his speedy trial rights were violated during the time his new counsel, Mr. Pizzuti, was handling the case, but only during the time his former counsel, Mr. Kupec was handling his case.

The undersigned further finds that during the time Mr. Kupec was handling Braham's case, the Court made specific Speedy Trial calculations on August 4, 2006, August 20, 2006, September 29, 2006, December 8, 2006, and December 12, 2006.

The undersigned does not find any error in the Court's Speedy Trial calculations, and further does find that where the Court granted continuances on the basis of its findings that the ends of justice were served by taking such action outweighed the best interest of the public and the defendant in a speedy trial, the Court set forth, in the record of the case, its reasons for finding that the ends of justice served by the granting of such continuance outweighed the best interest of the public and the defendant in a speedy trial, pursuant to 18 § 3161(h)(8).

Defendant also argues he has been prejudiced by the violation of his constitutional right to a speedy trial. Because the undersigned has already found that no violation of Defendant's right to a speedy trial occurred in this matter, it is not necessary to address, and the undersigned does not

address the merits of Defendant's argument in this regard.  See United States v. Thomas, 55 F.3d 144 (4th Cir. 1995).

The undersigned United States Magistrate Judge therefore respectfully **RECOMMENDS** Defendant Tony Braham's Motion to Dismiss Indictment for Lack of Speedy Trial (Docket Entry 338) be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 22nd day of May, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE